IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2004 OCT -1 A 9:52

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL NO: 93-310-N |
| ROSA MAE SMILEY WILLIAMS, | 2:05CV406-T |

## MOTION FOR RECONSIDERATION

The petitioner Rosa Mae Smiley Williams, comes uder the guise of pro'se representation, requesting that the above captioned motion be GRANTED for the following reasons listed below:

1) The petitioner timely filed a 28 U.S.C. §2255 motion to VACATE, SET ASIDE, AND CORRECT SENTENCE.

2) The Magistrate Judge recommended that petitioner be DENIED relief under 28 U.S.C. §2255 motion.

3) Therefore the District Court DENIED petitioner relief requested under 28 U.S.C. §2255 motion.

4) The petitioner raised **Apprendi v. New Jersey**, 530 U.S. 466 (2000), claims in which the District Court misapplied the **Teague v Lane**, 489 U.s. 288, 311 (1989).

5) When a decision of this Court results in a "New Rule," that rule applies to all criminal cases still pending on direct review.

-1-

Griffith v. Kentucky, 479 U.S. 314, 328 (1987). As to convictions that are already final, however, the rule applies to limited circumstances. New substantive rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting it's terms, see Bousley v. United States, 523 U.S. 614, 620-621 (1998), as well as constitutional determinations that place a particular conduct or persons covered by the statute beyond the State's power to punish, see Saffle v. Parks, 494 U.S. 484, 494-495 (1990); Teague v. Lane, 489 U.S. 288, 311 (1989) (plurality opinion). Such rules apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal" or faces a punishment that a law cannot impose upon her. Bousley, supra, at 620 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

6) The petitioner contends that her instant case is one where the "new rule" in Apprendi, and the "bright-line" rule in Blakely v. Washington, No:02-1632 decided June 24th, 2004;

> Held; Because the facts supporting petitioner's exceptional sentence were neither admitted by petitioner nor found by a jury, the sentence violated her Sixth Amendment right to trial by jury.

applies on collateral review under 28 U.S.C. §2255 motion to vacate, set aside, and correct sentence in her limited circumstances.

7) Petitioner further contends that her plea is constitutionally invalid, for the petitioner was misinformed by District Court, Counsel, and the Government.

-2-

8) The petitioner in this present case was misinformed, neither the indictment, defense counsel, nor trial court explained that the government had to prove "specific drug quantity," to the jury beyond a reasonable doubt. The petitioner did not admit "under oath," to any specific drug stipulation during plea colloquy. Nor did the petitioner concede at sentencing that the government could prove the specific drug quantity beyond a reasonable doubt.

9) The petitioner was further misinformed by defense counsel, district court, and the government by misinforming petitioner that her statutory minimum was 10 years and that her stautory maximum was LIFE imprisonment without parole, when the indictment in this case did not list any amount of controlled substance in violation under 841(B)(1)(A) and/or 846.

10) The petitioner contends that she received critically incorrect legal advice. The fact that all of the petitioner's advisors acted in good-faith with reliance on existing precedent does not mitigate the impact of the erroneous advice. For the consequences to the petitioner was just as unfair, and just as severe, as if the court and counsel had knowingly conspired to deceive petitioner in order to induce her to plead guilty to that she did not commit.

11) The Supreme Court has made it perfectly clear that a guilty plea based on misinformation is constitutionally invalid. Smith v. O'Grady, 312 U.S. 329, 91941); Henderson v. Morgan, 426 U.S. 637, (1976).

12) Under Rule 11(c)(!) of Fed. R. Crim. P. 11 is designed "to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." **McCarthy v. United States**, 384 U.S. 459, 465 (1969), superceded on other grounds by Fed. R. Crim. P. 119h). Rule 11(c)(1) requires the district court to address the defendant personally in open court and advise the defendant of the nature of the charge to which the plea is offered. Real notice of the true nature of the charge against a defendant is the first and most recognized requirement due process. See **Bousley v. United States**, 523 U.S. 614, 618 (1998) (quoting **Smith v. O'Grady**, 312 U.S. 329, 334 (1941).

13) The required Rule 11 serves two functions. First, a defendant's admission of criminal culpability is not meaningful unless the defendant understands the crime to which she is confessing. Notice of the nature of the charge is required to obtain a knowing and intelligent guilty plea. See **Henderson v. Morgan**.

14) Second, informing the defendant of the nature of the charge against her "ensures that the defendant thoroughly understands that if she pleads "not guilty" the Government will be required to prove certain facts, thus permitting the defendant to make an intelligent judgment as to whether she should be better off accepting the tendered concessions or chancing acquittal if the prosecution cannot prove those facts beyond a reasonable doubt. Since a guilty plea is a formal admission of all elements, essential and/or critical to the charge, the petitioner must contend in all fairness

-4-

that she be formally advised of such elements, essential and/or critical and that her statutory minimum was not 10 years before the plea was accepted.

15) Therefore the petitioner claims that the Rule 11 Colloquy did not comply with Rule 11(c) for the district court did not advise the petitioner of each essential and/or critical element of the offense, nor did the district court advise the petitioner that the government would have to prove specific drug quantity as it would prove any essential element to the jury beyond a reasonable doubt. The district court also did not advise the petitioner that her statutory minimum was zero and that her statutory maximum was life.

16) The petitioner contend that **Bousley, supra, and Henderson v. Morgan, supra,** would support her claim that her plea is not constitutionally valid, and that her sentence is exceptional as defined under **Blakely v. Washington,** for the facts (specific drug quantity) supporting petitioner's exceptional sentence were neither admitted by petitioner nor found by a jury, the sentence violated her Sixth Amendment rights to trial by jury.

17) In **Bousley v. United States, 523 U.S. 614, 620-621 (1998),** in an opinion given by Rehnquist, Chief Judge., joined by O'Conner, Kennedy, souter, Ginsburg, and Breyer, JJ, it was held that the accused will be entitled to a hearing on the merits of him misinformation claim, if on remand, the accused makes the necessary showing of actual innocence to relieve him procedural default in failing to contest her §924(c)(1) guilty plea in her prior direct

-5-

appeal, as (1) if the record disclosed that at the time of the plea, neither the accused, not her counsel, nor the district court correctly understood the essential elements of the crime with which she was charged, then the plea was invalid under the Federal constitution; (2) The accused was not precluded from relying on **Bailey v. United States** in support of his claim; and (3) even thoughaccused had failed to establish cause to relieve her procedural default, it was appropriate to remand the case to permit her to attempt to make a showing of actual innocence to relieve the default.

18) The petitioner contends that at the time of her plea that the record will show that neither the petitioner, nor her counsel, nor the district court correctly understood the essential elements of the crime with which petitoner was charged.

19) The petitioner contends that the constitutional error is clear and that the government will concede that such events have occurred. Therefore the petitioner will contend that this clear constitutional error has resulted on the imposition of an unauthorized sentence, and that petitioner is a "victim of a miscarriage of justice," **Wainwright v. Sykes**, 433 U.S. 72, 91 (9177), and is entitled to immediate and unconditional release, and that the cause and prejudice requirement "must yield to the imperative of correcting a fundamentally unjust incarceration." **Engle v. Issac**, 456 U.S. 107, 135 (1982).

-6-

Therefore the petitioner request that the above captioned motion be GRANTED, and that an ORDER be issued stating that petitioner's guilty plea is constitutionally Invalid, and that petitioner's "exceptional sentence" is in violation of her Sixth Amendment Rights, as defined and clarified by the "bright-line rule" announced in **Blakely v. Washington**, and that the "new rule" announced in **Apprendi v. New Jersey**, does apply retroactively under the **Teague v. lane**, bar, and also under the **Bousley**, analysis qualifying petitioner under the "limited circumstances" requirement for such rules to apply. Making the petitioner entitled to immediate and unconditional relief and/or release under 28 U.S.C. §2255 motion to VACATE, CORRECT, and/or SET ASIDE FEDERAL SENTENCE.

Respectfully submitted;

*Rosa Mae Smiley Williams*
ROSA MAE SMILEY WILLIAMS

-7-

## CERTIFICATE OF SERVICE

Petitioner Rosa Mae Smiley Williams hereby certify that on _Sept 24_ of 2004, that I have placed in the legal mailbox copies of the attached motion to all parties listed below by way of **VIA CERTIFIED MAIL**, through the United States Postal Office.

**CLERK OF COURT**
**U.S.D.C. FOR THE M.D.ALA**
**P.O. BOX 711**
**MONTGOMERY, ALA 36101-0711**

**UNITED STATES ATTORNEY'S OFFICE**
**FOR THE M.D.ALA.**
**P.O. BOX 197**
**MONTGOMERY, ALA 36101**

RESPECTFULLY SUBMITTED
*Rosa Mae Smiley Williams*
ROSA MAE SMILEY WILLIAMS #03301-017
F.C.I. TALLAHASSEE
501 CAPITOL CIR. N.E.
TALLAHASSEE, FLA 32301